UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>         Plaintiff,<br><br>    v.<br><br>CARLOS ROQUE; MAGDALENA FERNANDEZ; TRIPLE S GOLDEN STATE CORPORATION, a California Corporation; and DOES 1-10,<br><br>         Defendants. | Case No. 1:13-cv-1628-AWI-SMS<br><br>FINDINGS AND RECOMMENATIONS THAT THE COURT DENY DEFENDANTS' MOTIONS TO DISMISS<br><br>(Docs. 8 & 10) |

On July 29, 2013, Plaintiff Scott Johnson ("Plaintiff") filed a complaint in the Sacramento division of this District. Doc. 1. The defendants are Carlos Roque, Magdalena Fernandez, and Triple S Golden State Corporation ("Defendants"). On October 9, 2013, the case was transferred to this, the Fresno division. Doc. 21; Local Rule 120(d). Before the Court are two motions to dismiss, one filed by Roque and Fernandez, the other by Triple S. Docs. 8, 10. Plaintiff opposed. Doc. 14, 24. No replies were filed. Pursuant to Local Rule 230(g), the Court vacated the November 27, 2013 hearing.

Alongside their motions to dismiss, Defendants also moved for Rule 11 sanctions. Docs. 6, 9. Plaintiff opposed and cross-moved for sanctions. Doc. 15. Defendants later withdrew their motions for sanctions. Docs. 29, 30. Plaintiff's remains on calendar. It is currently stayed pending the resolution of the present motions to dismiss. Doc. 28.

1

For the reasons stated below, the undersigned recommends that Defendants' motions to dismiss be DENIED. The stay on Plaintiff's motion for sanctions will remain in place pending consideration of these Findings and Recommendations by the Honorable Anthony W. Ishii, United States District Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1).

## THE COMPLAINT

According to the complaint, Plaintiff is a California resident with physical disabilities. He is a level C-5 quadriplegic. He cannot walk and has significant manual dexterity impairments. He uses a wheelchair for mobility and has a specially equipped van.

The complaint relates to the Antojitos-Subway restaurant at 7154 McCracken Road, Westley, California. Of the two "possible" handicap parking spaces that exist, neither is van accessible, and the access aisle for the handicap parking stalls is not level with the parking stall. Plaintiff alleges that the failure to remove these barriers was intentional.

Plaintiff has personally encountered these violations. He has "been to the Antojitos-Subway on at least three occasions during the 2013 calendar year," and "[t]hese violations denied [him] full and equal access to facilities, privileges and accommodations offered." He states that the restaurant "is in a desirable location for him and he will continue to patronize the businesses there and will continue to encounter the unlawful barriers and discriminatory conditions there so long as they remain."

Plaintiff's first cause of action is for a violation of the Americans with Disabilities Act of 1990 (42 U.S.C. § 12101, *et seq.*), arising from Defendants' failure to provide a van accessible parking space and the failure to provide an access aisle level with the adjacent parking stall. His second and third causes of action incorporate these same allegations as violations of California's Unruh Civil Rights Act (Cal. Civ. Code §§51-53) and Disabled Persons Act (Cal. Civ. Code §§ 54.1). Both causes of action allege that Plaintiff seeks civil penalties because he was caused "difficulty, discomfort, or embarrassment." The fourth cause of action is for negligence.

## DEFENDANTS' MOTIONS TO DISMISS[1]

---

[1] The Court here summarizes the motion filed by Triple S Golden State Corporation. The motion filed by Defendants Carlos Roque and Magdelena Fernandez is virtually identical.

1  Defendants begin with general remarks about the ADA. They note that "ADA violations are
2  largely unregulated [and] ... not corrected," and that "[t]his has created a big business for Plaintiff
3  and others like him ... to sue for ADA violations after they have been damaged." Defendants Roque
4  and Fernandez ask the court to take judicial notice of public records which, they say, show "the
5  similarity of the claims" in four cases that Plaintiff has filed, as well as to take notice of the fact that
6  Plaintiff is or has been a party in thousands of cases. Doc. 11.

7  Defendants' substantive objection to the ADA claim is that Plaintiff has failed to allege that
8  he has visited the place of business. But, Defendants immediately modify this argument,
9  acknowledging that Plaintiff does *allege* "that he visited at least three times in the last eight
10 months;" yet, instead, he fails to "support his claims with dates and times." These, Defendants state,
11 are "*a minimum evidentiary showing necessary to make his boilerplate complaint valid*" (emphasis
12 in original). They assert, without authority, that it is "now well known" that Plaintiff's "*modus
13 operandi*" is not to personally visit the "majority of businesses he sues." They then explain that
14 they want the dates and times "to ascertain the veracity of Plaintiff's claims and possibly move *for
15 summary judgment*" (emphasis added).

16 As to all four claims, Defendants also argue that Plaintiff cannot show damages. For the
17 ADA claim, this is because Plaintiff "does not allege that he was unable to enter the restaurant" and
18 because he omits the amount of damage claimed. As to the remaining claims, Defendants take issue
19 with Plaintiff's allegation that he suffered "difficulty, discomfort or embarrassment." This, they
20 say, represents emotional or special damages which must be "specifically stated." FRCP 9(g). In
21 this context, they assert, Plaintiff must plead the dates of his visit. Apart from giving definitions of
22 the term "special damages," Defendants offer no authorities for any of these claims.

### RULE 12(b)(6) STANDARD

24 A motion to dismiss pursuant to Fed R. Civ. P. 12(b)(6) is a challenge to the sufficiency of
25 the pleadings set forth in the complaint. A Fed.R.Civ.P. 12(b)(6) dismissal is proper where there is
26 either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a
27 cognizable legal theory." *Balisteri v. Pacifica Police Dept.,* 901 F.2d 696, 699 (9th Cir.1990).
28 Under Fed. R. Civ. P. 8(a), a pleading that states a claim for a relief must include a statement

demonstrating the Court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." It must give the defendant fair notice of the claims against him and state their elements plainly and succinctly. *Jones v. Cmty. Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). The Supreme Court noted,

> The pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement. … [¶] [A] complaint must contain sufficient factual matter, accepted as true, to … allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). Although a court assumes the truth of well-pled factual allegations, legal conclusions are not entitled to the same assumption of truth. *Id*.

## DISCUSSION

Defendants have requested that the Court take judicial notice of Plaintiff's other cases. In opposition, Plaintiff argues that "the defense desires to attack the character of Mr. Johnson and accuse him of being litigious but there is no actual relevance to the fact that Mr. Johnson has successfully defended his civil rights in other cases." Doc. 13. The Court agrees that there is no relevance to the requested judicial notice. Serial litigation is not, by itself, inherently wrong. At least in principal, "while self-interest surely drives serial access litigation in part, the reason there *can* be so many lawsuits about access to public accommodations is that there are so many violations of the laws that seek to assure access." *Molski v. Evergreen Dynasty Corp.*, 521 F.3d 1215, 1220 (9th Cir. 2008) (Berzon, J., dissenting from denial of rehearing en banc) (emphasis in original). *See also Wilson v. Pier 1 Imports (US), Inc.*, 411 F. Supp. 2d 1196, 1201 (E.D. Cal. 2006) ("[I]t appears that earlier instance of Hubbard's complaints are virtually identical. It is unclear to this court, however, why uniform instances of misconduct do not justify uniform pleadings.") Defendants' general remarks about the burden of responding to ADA litigation do not advance a legal argument.

It is also not relevant here that Plaintiff did not identify the time and date of his visits to Defendants' place of business. "[W]hen notice of a claim is given that satisfies Rule 8, concerns about specificity in a complaint are properly addressed through discovery devices under Rules 26, 27, 33, and 36, and, if applicable, the pre-trial order entered pursuant to Rule 16." *Skaff v. Meridien North America Beverly Hills, LLC*, 506 F.3d 832, 842 (9th Cir. 2007). *See also O'Campo v. Chico Mall, LP*, 758 F. Supp. 2d 976, 983 (E.D. Cal. 2010) (rejecting request to dismiss ADA claim for failure to plead date of visit, because affirmative defense of statute of limitations need not be anticipated in complaint). Defendants apparently recognize this fact, because they state that they want this information for a *summary judgment* motion. If so, then the argument does not belong in this motion to dismiss. Their concerns can be addressed in discovery.

Next, Defendants argue that the complaint should be dismissed because Plaintiff "does not allege that he was unable to enter the restaurant." They provide no legal authority for this proposition. In fact, under the ADA, "when a disabled person encounters an accessibility barrier violating its provisions, it is not necessary for standing purposes that the barrier completely preclude the plaintiff from entering or from using a facility in any way." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 947 (9th Cir. 2011). "A disabled individual also suffers a cognizable injury if he is deterred from visiting a noncompliant accommodation because he has encountered barriers related to his disability there." *Id* at 949. *See also Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1040-41 (9th Cir. 2008) (finding that plaintiff suffered an imminent harm because the ADA violations barred him from patronizing a convenience store and plaintiff demonstrated an intent to return annually once the barriers were removed); *Pickern v. Holiday Quality Foods Inc.*, 293 F.3d 1133, 1138 (9th Cir. 2002) (holding that plaintiff has standing because the alleged ADA violations prevented plaintiff from shopping at his preferred grocery store, causing plaintiff to suffer an "imminent injury").

As for Plaintiff's failure to state the amount of damages in his ADA claim, damages are not recoverable under Title III of the ADA—only injunctive relief is available for violations of Title III. *See* 42 U.S.C. § 12188(a)(1)(providing that remedies under Title III are the same as those outlined in 42 U.S.C. § 2000a-3(A), which do not permit recovery of monetary damages); *Wander v. Kaus*,

5

304 F.3d 856, 858 (9th Cir. 2002). The complaint does indeed seek "injunctive relief, compelling defendants to comply with the Americans with Disabilities Act." Complaint at 6.

Finally, Defendants mistakenly characterize Plaintiff's allegation of suffering "difficulty, discomfort or embarrassment" as a form of special damages. It is clear from the complaint that Plaintiff's purpose in using this language is to supply the necessary basis to seek statutory damages under the Unruh Act. He alleges:

> Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort or embarrassment for the plaintiff, the defendants are also each responsible for statutory damages, i.e., a civil penalty for each offense. (Civ. Code § 55.56(a)-(c).)

In short, the complaint clearly states that Plaintiff's "difficulty, discomfort, or embarrassment" is significant precisely because it makes Plaintiff eligible for statutory damages. The complaint further elucidates the nature of these statutory damages by providing the relevant statute. As California Civil Code 55.56 elaborates, "Statutory damages ... may be recovered ... only if a violation or violations ... denied the plaintiff full and equal access to the place of public accommodation on a particular occasion ... [meaning that] the plaintiff experienced difficulty, discomfort, or embarrassment because of the violation." The Court therefore rejects this argument.

## CONCLUSION

Defendants' motions to dismiss (docs. 8 & 10) are DENIED. The stay on Plaintiff's motion for sanctions (doc. 15) will remain in place pending consideration of these Findings and Recommendations by the Honorable Anthony W. Ishii, United States District Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1).

////////////////////////
////////////////////
////////////////
////////////
////////
////////
//////
////

On or before **FOURTEEN DAYS from the entry of this decision,** any party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that, by failing to object within the specified time, he may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **December 11, 2013**                         **/s/ Sandra M. Snyder**
                                                                                  UNITED STATES MAGISTRATE JUDGE